### SEARS v. AINSWORTH.

(Court of Civil Appeals of Texas. El Paso. March 26, 1914. Rehearing Denied April 23, 1914.)

1. PUBLIC LANDS (§ 178*)—SCHOOL LANDS— CONTRACT TO CONVEY—TIME AS ESSENCE.

Time was necessarily of the essence of a contract to purchase, on a certain date, a section of public free school land, the required three years' occupancy of which had not been completed by two years, in view of the somewhat onerous conditions of occupancy imposed by law, so that the purchaser was required to perform on the date fixed.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 579–582; Dec. Dig. § 178.*]

2. EVIDENCE (§ 23*)—JUDICIAL NOTICE.

The Court of Civil Appeals takes judicial notice that the purchase of public free school land from the state is upon a condition of occupancy which is more or less onerous.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 29, 30; Dec. Dig. § 23.*]

3. PUBLIC LANDS (§ 178*)—SCHOOL LANDS— SALE — PERFORMANCE BY VENDOR — UNREASONABLE DELAY.

Where plaintiff agreed to convey a section of public free school land on March 1st, the purchaser's failure to tender performance until July was an unreasonable delay, though he was ill up to about May 1st, in absence of other circumstances excusing his failure to perform after recovery.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 579–582; Dec. Dig. § 178.*]

4. VENDOR AND PURCHASER (§ 180*)—TENDER OF PERFORMANCE—TENDER BY GUARANTOR.

The vendors of land could not be required to accept purchase-money notes executed by one who had guaranteed performance by the purchaser, instead of notes executed by the purchaser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 366; Dec. Dig. § 180.*]

5. GUARANTY (§ 78*)—LIABILITY OF GUARANTOR.

The fact that the note sued on was given by defendant to guarantee the payment by a contract purchaser of land, of the consideration of the purchase, and not as a forfeit upon the purchaser's failure to perform, would not be a defense to an action on the note by the vendor on the purchaser's failure to perform; defendant being primarily liable on the note as between himself and the vendor.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 91, 92; Dec. Dig. § 78.*]

Appeal from Andrews County Court; N. P. Ross, Judge.

Action by J. C. Ainsworth against A. W. Sears. From a judgment for plaintiff, defendant appeals. Affirmed.

Chas. Gibbs, of Midland, for appellant. J. M. Caldwell and Jno. B. Howard, both of Midland, for appellee.

HIGGINS, J. On July 25, 1910, appellee Ainsworth contracted to convey to Calvin

---

Taylor section 9 in block A42, public free school land in Andrews county. The three years' occupancy thereof required by law would not be completed until the spring of 1912. Appellant Sears conducted the negotiations in behalf of Taylor. It not being at that time convenient for Taylor to settle and reside upon the land, the same was not to be conveyed to him until March 1, 1911, at which time he was to make a cash payment of $500 and execute purchase-money notes to cover a balance of $2,060, divided into four equal installments and payable in one, two, three, and four years after date, with interest. On date Ainsworth made this contract, he conveyed the land to J. N. Norwood, with whom he arranged that the same should be by him in turn conveyed to Taylor on the date aforesaid. The purchase-money notes to be given by Taylor were to be payable to order of Norwood, and the cash payment of $500 was to be paid to Ainsworth. To guarantee the performance by Taylor of his contract of purchase, Sears executed a note for $500 in appellee's favor, due March 1, 1911, and placed same in escrow, to be delivered to Ainsworth for collection in event Taylor failed on said date to comply with his contract of purchase. On March 1, 1911, Ainsworth and Norwood were in the county seat of Andrews county, ready, willing, and able to comply with aforesaid contract; but Taylor was not present and did not offer to comply with his contract and make settlement upon the land until the summer of 1911. Some time during the month of March, 1911, and several times subsequent thereto, Sears requested appellee to have Norwood convey the land to him or to some one whom he (Sears) would designate. This appellee refused to do. It seems that Taylor's reason for not settling upon the land on March 1, 1911, and otherwise complying with his contract of purchase was due to illness which incapacitated him from so doing. Not until July, 1911, did he come to Andrews county and offer to comply with his purchase and make settlement upon the land.

This suit is by Ainsworth against Sears upon the $500 note aforesaid given to guarantee the performance by Taylor of his contract. The case was tried before the court and judgment rendered in favor of Ainsworth. Findings of fact and conclusions of law were filed by the trial court. The court found that the physical disability of Taylor continued not later than May 1, 1911; that Ainsworth refused to comply with the request of Sears for conveyance made during March, 1911, because "Taylor had failed to comply with his part of said contract, and for the further reasons that the conditions then affecting said Ainsworth and said Norwood were such that no transfer could then be made for reasons over which said Ainsworth had no control, and said forfeit money note had thereby been forfeited to plaintiff

on March 1, 1911." The court also found time was of the essence of Taylor's contract to purchase on March 1, 1911, and that the amount of the note sued upon given by Sears to guarantee performance by Taylor became a liquidated and enforceable demand upon Taylor's breach.

[1, 2] The first assignment of error is to the effect that the evidence is insufficient to support the court's finding that time of performance was of the essence of the contract. This must be overruled. If the land concerning which the parties contracted had been patented, there might be some merit in the contention that an offer by Taylor to comply with his contract of purchase within a reasonable time after March 1, 1911, would have saved a forfeiture of the $500 evidenced by the note sued upon; but this court judicially knows that the purchase of public free school land from the state is upon a condition of occupancy which is more or less onerous. It was a matter of no little importance to the owner of section 9 that the prospective purchaser, Taylor, should promptly comply with his contract and make settlement on March 1st as he had agreed. This circumstance alone, we think, would be sufficient to warrant the court in making the finding of which complaint is made.

[3] Certainly his failure to tender performance until July was an unreasonable delay in the absence of any facts tending to explain or extenuate same. His illness and consequent incapacity was assigned as an excuse for his failure to tender performance on the contract date, but there is an unchallenged finding that this disability terminated not later than May 1st. This delay of at least two months is unexplained, and no excuse whatever is offered. There is evidence to support the trial court's finding, and this court is bound by the same.

[4] As to the demand made by Sears, subsequent to March 1st, that conveyance be made to him or to some one whom he might designate, this raises a question quite apart from that of whether or not there is evidence to support the court's finding upon the issue noted; but as to this phase of the case it may be remarked that there is nothing to show tender of notes executed by Taylor for the unpaid purchase money, and Ainsworth and Norwood could not, under the contract, be required to accept the notes of Sears or any one else, in lieu thereof. So the demands of Sears possessed no saving grace.

The second assignment is predicated upon the premise that time was not of the essence of the contract. The trial court made an adverse finding as to this issue, and there is evidence to support it as shown above. The assignment must be overruled, since it rests upon a false premise.

[5] By his third assignment, appellant urges that the judgment is unsupported by the evidence and findings of fact, in this, that

the note sued upon was given by defendant to guarantee the payment by Taylor of a cash consideration which Taylor contracted to pay, and not as a forfeit. This matter does not constitute a defense to the note. As between Sears and Ainsworth, Sears was primarily liable upon the note. Taylor was not a party thereto. If the relations between Sears and Taylor were such as to make Sears merely a surety, then it would only have given Sears the right to make Taylor a party defendant and obtain judgment over against him. Taylor was not a party to the note upon which the suit was based. Certainly judgment cannot be obtained upon an express contract against one who is not a party thereto.

Affirmed.